## SOBEL v. MILLER.

(Supreme Court, Appellate Term. June 29, 1911.)

BROKERS (§ 64*)—SUIT FOR COMMISSION—DEFENSES.

It was no defense to a suit for a broker's commission for procuring a purchaser for a business that the purchaser desiring to be relieved from his contract, defendant had returned his money, because the purchaser was a poor man.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 97; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joe Sobel against Israel Miller. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Staub & Cantor (Benjamin I. Cantor, of counsel), for appellant.

Abraham I. Danish, for respondent.

PER CURIAM. The defendant employed the plaintiff to procure a purchaser for his restaurant, agreeing to pay him a commission for so doing of $37.50. The plaintiff procured a purchaser, and the defendant and such purchaser entered into a written contract, whereby the defendant agreed to sell and the purchaser agreed to buy the restaurant of the defendant, and in such contract it was recited that the plaintiff was the broker "who brought about the sale," and the defendant therein agreed to pay him said sum above mentioned as his commission. Subsequently, the purchaser desiring to be relieved from his contract, the defendant said:

"I gave Mr. Nudelman [the purchaser] back his money just because he was a poor man. I don't want to take away money out of a poor man."

There was some testimony offered on the part of the defendant that, prior to the drawing up of the contract of sale between the defendant and the purchaser, the defendant told the plaintiff that he had agreed to take some notes in part payment of the purchase price, and that after the bill of sale was made out the plaintiff would get his commission; but this was not contained in the written contract, and the defendant had received a valid, enforceable contract, and the plaintiff had earned his commission at the time such contract was executed. Under the evidence disclosed, no defense was shown, and the judgment in favor of the defendant was unauthorized.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.